UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GISELE MENDOZA, MARY GAMBOA, :
ZULAY SCAMARONEZ, LORENA ALMEIDA, : 07CV2579(HB)
NANCY MORA, GREIS VIDAL, LOURDES : OPINION &
CAISAGUANO, SANDRA GONZALEZ, : ORDER
JEANNETH GARCIA, NATALIA BARONA, :
and MARTHA FORERO on behalf of themselves :
and all others similarly situated, :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　　　　　　:
　　-against- :
　　　　　　　　　　　　　　　　　　　　　　:
CASA DE CAMBIO DELGADO, INC., DELGADO :
TRAVEL AGENCY, INC., DELGADO & DELGADO :
TRAVEL CORP., DENISE DELGADO, HECTOR :
DELGADO, JEANETTE DELGADO-SAVINO, and :
LINDA DELGADO, :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants. :
------------------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:**

　　Plaintiffs have sued their former employers Delgado Travel Agency, Delgado Travel Corp., and Casa de Cambio Delgado, Inc. ("Defendants"), a collection of travel agency and money wire businesses, for failure to pay overtime and spread of hours wages in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the New York Labor Law §650 et seq. ("NYLL"). Plaintiffs move to certify a collective action under § 216 of the FLSA and a class action under Fed. R. Civ. P. 23(a) and (b)(3) for the NYLL claims. Defendants oppose the motion on the grounds that Plaintiffs have failed to show 1) that the named Plaintiffs are similarly situated with the putative class members; and 2) that the Plaintiffs fail to meet any of the class action requirements of FRCP 23. For the reasons outlined below, the Plaintiffs' motion is denied but may be renewed. Fully briefed motions are due within 60 days of the date hereof.

## I. FACTS

　　Plaintiffs allege that the Defendant corporations maintain travel agencies and currency exchange businesses in New York and other states. (First Am. Compl. ¶¶ 29-31 ("Compl.").) Most of the named Plaintiffs worked from Monday through Friday from 9:00 am to 8:30 pm; 9:00 am through 6:00 pm on Saturdays; and to 12:00 midnight during peak travel periods,

1

approximately 20 days per year. (Compl. ¶¶ 33-36.) Plaintiffs also allege that Defendants caused Plaintiffs to be paid a weekly salary, rather than an hourly wage and based their raises, if any, on these weekly salaries. (Compl. ¶43.) Finally, Defendants allegedly deducted approximately $100 per day if any Plaintiff missed work for illness, emergency or personal reasons. (Compl. ¶ 44.)

## II. LEGAL STANDARDS

### A. Collective Action Certification – FLSA § 216(b)

The FLSA permits employees to maintain an action "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). Put another way, the named Plaintiffs must be similarly situated to the proposed members of the class, and proposed class members must "opt in" and consent in writing to being a party to the action. Id. Courts have wide discretion here to grant certification, allow discovery and regulate notice. Morales v. Plantworks, Inc., 05cv2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006).

Though the FLSA does not define the standard for "similarly situated," courts in this Circuit require the Plaintiff to make only a "modest factual showing" that the plaintiff(s) and potential collective action members were victims of a common policy or plan that violated the law. Lynch v. United States Auto Ass'n, 491 F. Supp. 2d 357 (S.D.N.Y. 2007); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 196 (S.D.N.Y. 2006). While this is a very liberal standard, conclusory allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action. Morales, 2006 WL 278154, at *3.

### B. Class Certification – FRCP §§ 23(a) and (b)(3)

Plaintiffs bear the burden of proving that the putative class has satisfied all four prerequisites of Rule 23(a) and at least one of the requirements of Rule 23(b). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). The Second Circuit recently rejected the liberal burden, i.e. "some showing," and now the district court must determine and resolve factual disputes relevant to each Rule 23 requirement. In re Initial Public Offering Sec. Litig., 471 F.3d 24, 40-43 (2d Cir. 2006).

The party seeking class certification under Rule 23(b)(3) must show that common questions of law or fact predominate and that a class action is a means superior to other methods to adjudicate the claims. Fed. R. Civ. P. 23(b)(3). Plaintiffs must also prove that an identifiable class exists from the outset of litigation, and that the representative plaintiffs be members of that

class. Petrolito v. Arrow Financial Srvs., LLC, 221 F.R.D. 303, 307 (D. Conn. 2004) (citing Norman v. Conn. State Bd. of Parole, 458 F.2d 497 (2d Cir. 1972)).

Like the collective action, class certification decisions by their nature are conditional, and a court has the power to alter or modify the class description if subsequent events suggest that it is appropriate to do so. Catanzano by Catanzano v. Dowling, 847 F. Supp. 1070, 1078 (W.D.N.Y. 1994). District courts also have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial. In re IPO Sec. Litig., 483 F.3d 70, 73 (2d Cir. 2007).

### III. DISCUSSION

**A. Collective Action FLSA § 216(b)**

Here, the Plaintiffs have failed to provide allegations of the factual nexus between the named Plaintiffs and other putative class members. The affidavits by the former employees appear to be boilerplate and virtually identical. (See generally Faillace Aff., Exs. B-U.) Each affidavit by a former employee states that the employee either worked as a Travel Agent for Delgado Travel Agency or Cashier for Casa de Cambio Delgado; the Plaintiffs worked on average 66 or 68 hours per week, but were paid only between 52-63.5 hours per week; were never allowed breaks besides an unpaid lunch break of either 30 or 45 minutes; had $100 deducted from paychecks for sick days; and no vacation was permitted. (See Faillace Aff., Exs. B-K.) Plaintiffs' Counsel submitted one affidavit of a non-named Plaintiff.

The principal defect in these affidavits for collective certification is that not one Plaintiff affidavit purports a factual nexus with other putative employees of the Delgado network. Id. While there is a low bar for allegations required for collective action certification, the lack of factual allegations in the affidavits or complaint to show that the Plaintiffs are similarly situated with the other employees fail to meet that bar.

The First Amended Complaint which alleges the facts underlying the FLSA and NYLL claims is the only submission among the pleadings and affidavits which alleges that the named Plaintiffs are similarly situated with putative class members. Plaintiff does so in a single umbrella-like affidavit from Mr. Faillace, it reads in pertinent part:

> Plaintiffs allege on behalf of themselves and other similarly situated current, former, and future individuals employed by Defendants and who choose to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that they are entitled to (i) unpaid wages from Defendants for overtime

3

work for which they did not receive any overtime premium pay; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, et seq.

(Faillace Aff., Ex. A, First Am. Compl. ¶ 1.) The only other indication that employees may be similarly situated is based on the depositions of the Delgado family and payroll managers taken in May and June of 2006 in connection with an action in this Court against the same Defendants by other employees. (Faillace Aff., Exs. V-AA, Deps. in Nancy Patricia Espinosa and Monica Montero, 05cv6917 (SAS)(FM).)[1]

While the deposition of Mr. Delgado shows that there may have been a policy common to the organizations to pay employees a "weekly" salary, (Faillace Aff., Ex. X.), the depositions of Isabel Castro and Isabel Chaparro, payroll managers, show that actual hours worked were used to calculate payroll, (Faillace Aff., Exs. V 72-76; W 93-96). Even the individual earnings reports submitted to show "weekly" payments reflect variations in overtime hours. In many cases, weekly hours include a repeated 20 or 19.25 hours in overtime; however, other reports reflect variations in overtime for the same employee. The variations in some cases range from 3 - 24 hours with individual employees. (Faillace Aff., Ex. Q; T; U.)

There are even contradictions between the affidavits and the allegations in the Amended Complaint. For example, each of the affidavits asserts that the individual employee would work until 9:00 p.m. during the 20-day peak travel period. (Faillace Aff., Exs. B-L, ¶ 5.) However, in the Complaint, Plaintiffs, whether travel agents or cashiers, allege that each named Plaintiff worked until 12:00 midnight during that period. (Faillace Aff., Ex. A.; Compl. ¶¶ 33-42.) In short, the pleadings and affidavits of the Plaintiffs fail even to make the modest factual showing that they are similarly situated to other employees past and present, thus the collective action certification is denied without prejudice. Morales, 2006 WL 278154.

**B. Federal Rule of Civil Procedure 23 Class Action**

As noted above, the standard for evaluating Rule 23 class action certifications is not only stricter than collective action, it is stricter than the earlier treatment by courts in this Circuit. In re IPO Sec. Litig., 471 F.3d at 40. The Plaintiffs assert approximately 100 employees are in the class; they do this by reliance on the 2006 depositions of the payroll managers that show approximate 210 total employees. (E.g., Faillace Aff., Dep. Isabel Chaparro, Ex. W 70; Dep. Karina Leticia Vacacela Romero, Ex. AA 15.) At oral argument, Plaintiff's counsel noted

---
[1] This 2005 case settled.

possibly 300-400 affected employees without explaining how he derived that number. (Hrg. Tr. 18.) But no affidavit or other evidence by the employees provides any connection to other employees nor are there any estimates based on their own experience as to what the total numbers are.

There is no articulation of what number of employees out of the total noted in 2006 would have been affected by such a policy nor is there any way to know how the Plaintiffs come to that number. The lack of evidence identifying the number in the *class* is linked with the identification of the class itself. Petrolito, 221 F.R.D. at 307. Here, there is no definition of the class. Thus, the Court need not reach the question of whether certification is appropriate. The additional requirements suffer from the same deficiencies in evidence. Plaintiffs if they can, must incorporate material gleaned from discovery and provide adequate details for the two certifications, or there will be no certification. Having read all the papers, one cannot help but ask "where's the beef."

## C. Court-Supervised Notice to Claimants

I agree with Defendants that the notice should be jointly prepared and that preparation should begin promptly. (Faillace Aff., Ex. BB.; Def. Mem. 23-24.) At present, the proposed notice discusses both options regarding the opt-in and opt-out without distinguishing the two. Claimants are likely to be confused about their obligations and rights. The parties should prepare the notice jointly, and, failing agreement, each side should submit a proposed notice to the Court for its decision.

## III. CONCLUSION

Both conditional certifications, i.e. that for the collective action and for the Rule 23 class action are denied without prejudice. Plaintiffs may refile their motion after some discovery, which should be and I presume is ongoing and said motion must be fully briefed within 60 days from the date hereof. Discovery will end 90 days from the date hereof to maintain the sanctity of the trailing trial calendar.

SO ORDERED
New York, New York
April __, 2008

_____
U.S.D.J.

5